O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GLORIA FLORES,

                    Plaintiff,

          v.

WALMART, INC. and WAL-MART ASSOCIATES, INC.,

                    Defendants.

Case No.:  2:25-cv-10412-MEMF-MAA

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION [DKT. NO. 27]**

Before the Court is the Amended Motion for Conditional Certification of a Collective Action Pursuant to 29 U.S.C. § 216(b) and Request to Send Court-Authorized Notice filed by Plaintiff Gloria Flores. Dkt. No. 27. For the reasons stated below, the Motion is DENIED WITHOUT PREJUDICE.

/ / /

/ / /

/ / /

/ / /

/ / /

1

///

I.    **Background**

A.  **Factual Background**[1]

The facts alleged in the First Amended Complaint are laid out in this Court's Order Denying Walmart's Motion to Dismiss. Dkt. No. 51.

For purposes of this motion, what is critical is that Flores alleges that Walmart—under its Regular Rate Policy—did not pay her at the correct rate of pay for her overtime hours. *Id.* ¶ 23. She alleges that in determining what rate of pay would be used to calculate her overtime pay, Walmart improperly excluded a number of forms of compensation (or "additional remuneration") that should have properly been included. *Id.* ¶¶ 7, 24. This "additional remuneration" included categories of compensation that Walmart labeled as follows: as "SCHED DECREASE," "SCHED CHANGE," "INCTV FAC HOURLY," "W+ MBR GROSS," "REST BTWN SHIFT," "Addtnl Pay," "Covid-19 Pay," "Retro Scdchng," "Susp/Reas Susp," and "Nonearnedpwetpmt." *Id.* ¶¶ 24, 76..

Flores's principal allegation is that through this conduct, Walmart unlawfully fails to pay its non-exempt, covered employees overtime wages "at rages not less than 1.5 times their regular rates of pay"—based on all regular pay earned and all regular hours worked, "including hours worked 'off the clock.'" *Id.* ¶¶ 185, 195.

B.  **Procedural History**

On January 8, 2026, Flores filed her First Amended Class and Collective Action Complaint. *See* 1AC. It alleges the following claims against Walmart:

1. failure to pay overtime wages under FLSA, 29 U.S.C. § 216;

2. failure to pay overtime wages, in violation of California law, Cal. Lab. Code § 510;

3. failure to authorize, permit, and/or make available meal and rest periods in violation of California law, Cal. Lab. Code §§ 226.7, 512;

---

[1] The following factual allegations are derived from the allegations in Plaintiff's operative First Amended Class and Collective Action Complaint, Dkt. No. 25 ("1AC"), unless otherwise indicated. For the purposes of this Motion, the Court treats these factual allegations as true, but at this stage of the litigation, the Court makes no finding on the truth of these allegations, and is therefore not—at this stage—finding that they *are* true.

This Court summarizes the background only as relevant to the preliminary certification of the putative collective action.

4.  failure to provide accurate itemized wage statements in violation of California law, Cal. Lab. Code § 226; and

5.  waiting time penalties under California law, Cal. Lab. Code §§ 201–203.

*See* 1AC.

On January 8, 2026, Flores filed the instant motion. Dkt. No. 27 ("Motion"). On January 22, 2026, Walmart filed a motion to dismiss portions of the first and second causes of action. Dkt. No. 32. This Court took Flores's Motion off calendar and reset it for hearing on March 19, 2026. *See* Dkt. No. 44. On March 5, 2026, this Court denied Walmart's motion to dismiss. Dkt. No. 51.

The Court found this matter appropriate for resolution without oral argument and vacated the hearing set for March 19, 2026. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II.    Applicable Law

### A.  Conditional Certification

Under the FLSA, employees may file suit against their employers on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). "A 'collective action' differs from a class action," in that collective action plaintiffs "must opt *into* the suit by 'giv[ing] his consent in writing.'" *McElmurry v. U.S. Bank Nat. Ass'n*, 495 F.3d 1136, 1139 (9th Cir. 2007) (quoting 29 U.S.C. § 216(b)). Section 216(b) "does not require district courts to approve or authorize notice to potential plaintiffs." *Id.* But it is "within the discretion of a district court" to authorize notice for potential plaintiffs of a collective action. *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 173 (1989). "[E]mployees who may be similarly situated but have not opted-in to the action are not bound by its conclusion, and may pursue their actions individually." *McElmurry*, 495 F.3d at 1141.

Courts consider whether to conditionally certify a collective action "by way of a two-step 'certification' process." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1100 (9th Cir. 2018) (quoting 1 McLaughlin on Class Actions § 2.16 (14th ed. 2017)). At the first step, "plaintiffs will, at some point around the pleading stage, move for 'preliminary certification' of the collective action, contending that they have at least facially satisfied the 'similarly situated' requirement." *Id.* "Later, after the necessary discovery is complete, defendants will move for 'decertification' of the collective

action on the theory that the plaintiffs' status as 'similarly situated' was not borne out by the fully developed record." *Id.*

Preliminary certification in the FLSA context does not "produce a class with an independent legal status[ ] or join additional parties to the action." *Id.* (citing *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013)). "'The sole consequence' of a successful motion for preliminary certification is 'the sending of court-approved written notice' to workers who may wish to join the litigation as individuals." *Id.* (quoting *Genesis Healthcare Corp.*, 569 U.S. at 75).

### B. Notice Plans

The benefits of collective actions "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-La Roche Inc.*, 493 U.S. at 173. "In the absence of any statutory directive, the proper means of managing a collective action—[including] the form and timing of notice . . . —is largely a question of 'case management,' and thus a subject of substantial judicial discretion." *Campbell*, 903 F.3d at 1110 (quoting *Hoffmann-La Roche*, 493 U.S. at 174); *see also Busk v. Integrity Staffing Sols., Inc.*, 713 F.3d 525, 530 (9th Cir. 2013), *rev'd on other grounds*, 135 S. Ct. 513 (2014) (noting "that district courts should be able to 'work[ ] out an adequate notice in this type of case'" (quoting *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 978 (7th Cir. 2011))).

### III. Discussion

The parties dispute whether Flores meets the lenient standard, at this pre-discovery stage, for certification of her collective action pursuant to Section 216(b). *See* Motion at 5–11; Opp. at 11–20. The parties also disagree about whether Flores's proposed notice is proper. *See* Motion at 12–17; Opp. at 21–25. For the reasons below, this Court concludes that Flores has not sufficiently shown that she is entitled to certification of her collective action, so the Motion is denied without prejudice and this Court does not reach Flores's proposed notice plan.

### A. Flores does not meet the standard for certification of the proposed collective.

First, at issue is whether Flores has shown that her collective action should be certified. The putative collective of similarly situated employees she proposes is defined as:

[a]ll current and former hourly Walmart employees in California who earned additional remuneration at any time from October 29, 2022 (i.e., 3 years before the filing of this Action) through final resolution of this Action (the "FLSA Collective Members").

1AC ¶ 44.

At this stage, Flores asks this Court to make the "preliminary determination that the collective as defined in the complaint satisfies the 'similarly situated' requirement of section 216(b)." *Campbell*, 903 F.3d at 1109. At this stage, the "level of consideration is lenient—sometimes articulated as requiring substantial allegations, sometimes as turning on a reasonable basis, but in any event loosely akin to a plausibility standard, commensurate with the stage of the proceedings." *Id.* (citation modified) (collecting cases).

Based on the parties' briefing, Flores's class appears to be impermissibly overbroad as defined. Flores filed, along with her Motion, seven declarations from putative collective action members. *See* Dkt. No. 27-1 ("Flores Decl."); Dkt. No. 27-2 ("Hall Decl."); Dkt No. 27-3 ("Nieblas Decl."); Dkt. No. 27-4 ("Patricio Decl."); Dkt. No. 27-5 ("Clark Decl."); Dkt. No. 27-6 ("Flethez Decl."); Dkt. No. 27-7 ("Espinoza Decl."). These seven declarants worked across different Walmart-owned stores, under different management. *See* Motion at 9. And they explain that they are similarly situated. As Flores attests, some of the hours that she has worked are associated with pay codes that are "generally paid at half of her base hourly rate of pay." Flores Decl. ¶ 9. But the hours associated with those pay codes "are not included in [her] total hours worked calculation." *Id.* ¶ 10. To that end, she notes that "Walmart does not include these additional categories of pay into [her] regular hourly rate of pay for purposes of calculating overtime pay." *Id.* ¶ 11. Flores's Motion also references one of her pay stubs as an example. *See* Dkt. No. 27-8. And the other declarants make substantially similar allegations. *See* Hall Decl. ¶¶ 4–12; Nieblas Decl. ¶¶ 5–12; Patricio Decl. ¶¶ 5–12; Clark Decl. ¶¶ 6–12; Flethez Decl. ¶¶ 4–11; Espinoza Decl. ¶¶ 4–10. To that end, based on the Motion and the evidence it references, it appears plausible that the FLSA Collective Members are similarly situated: The declarations offer reasonable basis to conclude that Walmart's payment of additional remuneration was not accounted for in overtime calculations, such that the seven declarants—and those who similarly allege they are entitled to overtime that Walmart did not always award—are similarly situated for the purposes of pursuing collective relief.

What Flores's evidence does not do, however, is demonstrate that the *entire FLSA collective*, as she has defined it, is similarly situated for the purposes of preliminary certification. Walmart notes, in Opposition, the "obvious requirement that an overtime claim necessitates the working of overtime." Opp. at 12. And it notes that the proposed collective "mixes associates who received additional remuneration [such as PTO or sick pay] and worked overtime with associates who never worked overtime at all." *Id.* at 12. And, based on the Complaint, it does appear to this Court that the claimed basis for relief is predicated on the underpayment of overtime—so an employee who never worked overtime is not similarly situated to Flores or the declarants. Indeed, all the declarations note the underpayment of overtime as the basis for their membership in the collective action. But this is at odds with Flores's proposed definition of the collective, which is broadly defined as "hourly Walmart employees in California who earned additional remuneration." 1AC ¶ 44. In this context, "additional remuneration" permits the inclusion of Walmart workers who never worked overtime, and so have never been owed overtime pay. So Flores's proposed evidence does not suffice to allege that the broad proposed collective is, for the purposes of this action, similarly situated.

In Reply, Flores responds to Walmart by contending that this argument is a "red herring." Reply at 4. Flores argues that her Motion is "not aimed at PTO pay, sick pay, or bereavement pay," but instead, at "Walmart's vague, non-descriptive pay codes calculated on a per-hour basis." *Id.* But this confirms, rather than defeats, Walmart's argument. It does appear that Flores's Motion intends to target workers who were deprived of overtime pay to which they were entitled, but the class definition seems to include workers who have never worked overtime at all. Walmart raises this in Opposition, and Flores does not dispute it in Reply. *See* Opp. at 12. So, if Flores intends to proceed with the definition as she has proposed it, more evidence would be required to demonstrate that Walmart workers who have never received overtime pay are also, for purposes of this action, "similarly situated." In the alternative, if Flores intends to limit her collective action to certain forms

of additional remuneration that she asserts should have been included in the overtime calculation, *e.g.*, Compl. ¶¶ 63–64, 70, 73, then the definition should reflect that. [2]

Also in Reply, Flores also proposes that Walmart's objection, even if persuasive, should not warrant denial of the Motion. She argues that "there's a simple solution if employees try to opt-in who only earned additional pay not at issue in this case: following review of their pay records to confirm they did not receive the types of pay relevant to this case, they can be dismissed without prejudice or Walmart can seek summary judgment." Reply at 4. She cites several district court cases for the proposition that overbreadth is permissible at the preliminary certification stage, particularly as later stages—and the conclusion of discovery—offer an opportunity to narrow the collective action where relevant. It is true that courts have found that "[t]he issue of whether the collective includes some members not entitled to damages is best resolved at the second phase, with the benefit of discovery, not the lenient first phase." *Saravia v. Dynamex, Inc.*, 310 F.R.D. 412, 424 (N.D. Cal. 2015). But it is nevertheless Flores's burden to present a class that is plausibly similarly situated upon filing a request for preliminary certification. *See Campbell*, 903 F.3d at 1110; *see also Stanfield v. First NLC Fin. Servs., LLC*, No. 06-3892, 2006 WL 3190527, at *2 (N.D. Cal. Nov. 1, 2006) ("The named Plaintiffs' duties must be generally comparable to those they seek to represent, and it is incumbent on Plaintiff to propose a class that is sufficiently defined and manageable from the outset."(internal quotation marks omitted)). And this Court is not inclined to conditionally certify a collective action that is facially overbroad in the hopes that it can be clarified later—this would do a disservice to the employees receiving the notice and is not in keeping with the letter or the spirit of the FLSA.

Flores' main persuasive authorities to the contrary appear either inapposite or factually distinguishable. For example, Flores cites *Greene v. Cascadia Healthcare, LLC*, for the proposition that "courts should refrain from making merit-based determinations or resolving factual disputes" at

---

[2] The Court notes that Walmart makes two arguments: (1) the definition is overbroad because it includes employees who did not work overtime and (2) the definition is overbroad because it includes employees who only received forms of additional remuneration that are not to be included in overtime. It appears that Flores agrees that there are some forms of additional remuneration that are properly excluded from overtime. *See* Motion at 11. Should Flores choose to refine her definition, the Court expects that it will address both of these defects identified by Walmart.

this stage. No. 23-253, 2024 WL 4494902, at *3 (D. Idaho Oct. 15, 2024). And she notes that, relative to the plaintiff in *Greene*, she has provided evidence that is more comprehensive and detailed that her proposed collective is similarly situated. Reply at 3. But this Court does not deny the Motion on the basis that Flores's evidence is generally lacking. Instead, Flores's evidence appears adequate, but does not match the breadth of the proposed collective—as it only shows that a subset of the proposed collective is similarly situated. Indeed, the proposed collectives in *Greene* were more narrowly tailored. *Id.* at *4–*8. And there, as here, the court found that the plaintiff had not provided sufficient evidence to show that one subset of her collective was similarly situated. *See id.* at *8 ("Greene has failed to show that non-patient-care workers are similarly situated. Despite seeking an employee-wide collective, Greene's complaint is based on her experience as a patient-facing RN, and all the supporting declarations are from employees with patient-care responsibilities."). In *Greene*, this finding led the Court to partially grant the motion and narrow the noticed collective on its own motion; here, this Court is denying Flores's Motion without prejudice so that she may either narrow the proposed collective or offer additional evidence for certification of her proposed collective.

Flores also cites *Fulton v. Bayou Well Services LLC* for the proposition that her evidence is more numerous and detailed than is required for preliminary certification. 208 F. Supp. 3d 798 (N.D. Tex. 2016). Again, this misses the mark. "The Fulton Plaintiffs ask[ed] the court to conditionally certify a class consisting of 'all hourly paid workers *who received a safety bonus or "non-revenue" pay* who worked for Bayou Well Services, LLC from June 16, 2013 to the present.'" *Id.* at 802 (emphasis added). "And, because the Fulton Plaintiffs [sought] conditional certification only for current and former hourly-paid employees who received nondiscretionary bonus or 'nonrevenue' pay in the past three years, whom the policies at issue affect, the Court [found] their request reasonable in scope." *Id.* at 802–03. In other words, there did not appear to be a mismatch between the evidence offered and the certification sought.

In sum, Flores has presented sufficient evidence to support a finding that some subset of her proposed collective is similarly situated. But the definition as proposed is either overbroad or not sufficiently shown to be similarly situated. To that end, though overbreadth does not necessarily

require the denial of preliminary certification of collective action, the class as defined likely includes many for whom Flores has made no showing of similarity. So Flores has not met her burden.

## IV.    Conclusion

For the foregoing reasons, the Court hereby ORDERS that the Motion is DENIED. This denial is without prejudice; Flores may amend her collective action's definition and renew her request.

IT IS SO ORDERED.

Dated: June 3, 2026.

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

9